GARRETT, Judge.
The state appeals the trial court’s order suppressing all in-court and out-of-court identifications of appellee as the strong-arm robber.
A day after the robbery, Officer Roggin (Roggin) prepared a photographic lineup which included appellee’s photograph and showed it to the victim. She did not positively identify the robber. Thinking he had no case, Roggin threw the photographs away. Five days later, a second photographic lineup including appellee’s picture was prepared by Officer Leach (Leach) and shown to the victim. Again, she did not positively identify the robber. However, referring to a picture showing appellee with his eyes closed, the victim said she wanted to see a photograph of that person with his eyes opened. About a month later while viewing a live lineup conducted by Leach, the victim positively identified ap-pellee as the robber.
Prior to trial appellee moved to compel discovery of all lineup photographs. After the state failed to produce the photographs from the first lineup, appellee moved to dismiss or alternatively to suppress all identification evidence.
In granting appellee’s motion to suppress all in-court and out-of-court identifications the trial judge found appellee could not get a fair trial because his due process rights were violated by Roggin’s negligent failure to preserve the lineup photographs.
We reverse. In Arizona v. Youngblood, — U.S. -, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988), the United States Supreme Court held that “unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.” There was no finding that Roggin acted in bad faith. Without having the benefit of Youngblood, the trial court[1] erroneously ruled appellee suffered a denial of due process.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
GUNTHER, J., concurs.
DELL, J., dissents without opinion.

. The trial judge announced his ruling some three weeks before the United States Supreme Court decided Youngblood.